## WERTHEIMER v. ROSENBAUM.

(Supreme Court, Appellate Term, First Department.   March 5, 1914.)

1. LANDLORD AND TENANT (§ 129*)—POSSESSION—FAILURE TO DELIVER—DAMAGES.

   The measure of damages for a lessor's failure to deliver possession of a furnished apartment to a lessee thereof was the difference between the rental value of the apartment and the rent reserved in the lease.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 450–457;  Dec. Dig. § 129.*]

2. EVIDENCE (§§ 474, 568*) — OPINION EVIDENCE — COMPETENCY OF EXPERTS — TESTIMONY AS TO VALUE.

   In an action for failure to deliver possession of a leased apartment to the lessee, the rental value of the apartment could be shown only by the testimony of one familiar therewith, and the testimony of plaintiff, who was not shown to be familiar with the rental value of apartments of substantially the same character in the same neighborhood, would not support a judgment in his favor, though defendant introduced no evidence.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219, 2392–2394;  Dec. Dig. §§ 474, 568.*]

3. LANDLORD AND TENANT (§ 129*)—FAILURE TO DELIVER POSSESSION—ACTIONS—EVIDENCE.

   In an action against the lessor of a furnished apartment for failure to deliver possession, plaintiff's testimony as to the comparative advantages of the leased apartment over another which he leased after defendant's failure to deliver was incompetent, as it did not tend to show the rental value of the leased apartment.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 450–457;  Dec. Dig. § 129.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Louis Wertheimer against Edith Rosenbaum.  From a judgment for plaintiff after a trial by the court without a jury, defendant appeals.  Reversed, and new trial ordered.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Sharon Graham, of New York City, for appellant.

Boudin & Liebman, of New York City, for respondent.

SEABURY, J.   The plaintiff sued to recover damages alleged to have been sustained by reason of the defendant's failure to deliver possession of a certain furnished apartment which the plaintiff claimed the defendant had leased to him for a term, commencing October 13, 1913, and ending May 1, 1914, at the monthly rental of $130.   After the alleged refusal of the defendant to deliver possession, the plaintiff leased another apartment in a different section of the city at the rate of $160 per month.

[1,2]  The only evidence offered to show the damages which the plaintiff claimed he sustained was given by the plaintiff himself, who was not shown in any satisfactory manner to have been familiar with the rental value of apartments of substantially the same character in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the same neighborhood. If the plaintiff was entitled to recover at all, he was entitled to recover only the difference between the rental value of the premises demised and the rent reserved in the lease. An award of damages under this rule could only be made upon testimony of one who was shown to be familiar with the rental value of the premises demised. The estimate by the plaintiff, who had no expert knowledge on the subject, does not satisfy us that the premises demised were worth more than the rent reserved.

[3] The evidence of the plaintiff as to the comparative advantages of the apartment demised over the other apartment which he subsequently leased was incompetent and should not have been received. Such evidence did not in any way tend to show the rental value of the apartment which the plaintiff leased from the defendant.

The court below has awarded the plaintiff a judgment for the difference between the rent reserved and the plaintiff's estimate of what the apartment demised was worth to him. Nor is the position of the plaintiff strengthened by reason of the failure of the defendant to give evidence. If the plaintiff had offered proof as to the market value of the premises, the defendant might have been able to contradict such proof; but the defendant was in no position to dispute plaintiff's estimate of what the apartment would have been worth to him.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.